UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                            :
                                            :     CASE NO. 1:08-cv-1107
WASHINGTON MUTUAL BANK,                     :
                                            :
          Plaintiff,                        :
                                            :
vs.                                         :     ORDER AND OPINION
                                            :     [Resolving Doc. 4]
NICHOLAS TATE, *et al*.                     :
                                            :
          Defendants                        :
                                            :
                                            :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 23, 2008, Plaintiff Washington Mutual Bank filed a motion seeking to remand the

instant action. [Doc. 4.]  For the following reasons, the Court **REMANDS** the case to state court.

## I. Background

On April 1, 2008, Plaintiff Washington Mutual Bank commenced foreclosure proceedings

against Defendant Nicholas Tate in state court for failure to make required payments on a secured

promissary note. [Doc. 4, Ex. B.] The Plaintiff makes only Ohio state law claims.[1] [Id.]  On May 1,

2008, Defendant Tate removed this case to federal court. [Doc. 1.] In removing, Defendant Tate says

that the federal court has diversity jurisdiction over his case. [Id.] On May 23, 2008, the Plaintiff filed

a motion to remand based upon Defendant Tate's Ohio residency. [Doc. 4 at 4.]   Additionally, the

_____

[1]Plaintiff makes four state law claims in the underlying action.  The first claim is for breach of contract due to failure to pay on a note.  The second claim is for foreclosure of the property that secured the unpaid note.  The third and forth claims are for reformation of a contract due to a scrivener's error.

Case No. 1:08-cv-1107
Gwin, J.

Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 1447(c). [Id. at 8.]  Defendant Tate has not opposed the motion to remand.

## II. Legal Standard

A defendant may remove a civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  Two types of original jurisdiction exist--federal question and diversity.

Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal question jurisdiction must stem from the plaintiff's properly pleaded complaint. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Any cross-claims or counterclaims raising a federal question will not provide an opportunity for removal. *See Chase*, 507 F.3d at 914-15 (stating that "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction').

Diversity jurisdiction arises when the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332.  A defendant may not, however, seek removal of a claim under diversity jurisdiction if any of the defendants properly joined and served are citizens of the state where the underlying action was commenced.  28 U.S.C. § 1441(b).

If a party improperly removes a case to federal court pursuant to 28 U.S.C. § 1441, the court must remand the case back to the state court from which it had been removed. 28 U.S.C. § 1447(d).  Because federal courts are courts of limited jurisdiction, the removing party has the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).

-2-

Case No. 1:08-cv-1107
Gwin, J.

### III. Analysis

Defendant Tate removed to federal court on diversity grounds even though he is a citizen of Ohio, where this action commenced. This violated 28 U.S.C. § 1441(b).  That section states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Id.*  Therefore, the Court finds that it must remand the case.

Although Defendant Tate does not raise the issue, the Court examines whether it has federal question jurisdiction in the instant action.  The Plaintiff's properly pleaded complaint sets forth neither federal claims nor state claims dependant upon an actual and disputed federal issue. [Doc. 4, Ex. B.] The Court does not consider Defendant Tate's affirmative defense of a violation of the Truth in Lending Law in deciding the issue of federal question jurisdiction. *See Chase*, 507 F.3d at 914-15. Therefore, the Court finds no federal question jurisdiction in this case.

The Plaintiff asks the Court to award attorney's fees pursuant to 28 U.S.C. § 1447(c). [Doc. 4 at 8.] "Absent unreasonable circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Courts have discretion to determine when unusual circumstances exist. *Id.*  In this case, Defendant Tate lacked an objectively reasonable basis to remove.  *See Chase*, 507 F.3d at 913 (finding that there was no objectively reasonable basis for defendants to remove foreclosure proceedings based on state law when the claim was brought in the defendants' state of residency).  The Court, however, finds that this case presents the type of unusual circumstances that merits the denial of fees.  Defendant Tate is a *pro se* litigant.  He did not oppose

Case No. 1:08-cv-1107
Gwin, J.

the motion to remand.  The Court finds that awarding fees would likely not deter other improper

removals as much as penalize this particular unsophisticated litigant.  Therefore, the Court finds that

the denial of attorney's fees in the instant action is "faithful to the purposes" of fee shifting under 28

U.S.C. § 1447(c).  *See Martin*, 546 U.S. at 141. (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534

n.19 (1994)).

### IV. Conclusion

For the reasons stated above, the Court **REMANDS** the case to state court and **DENIES** the

Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.


Dated: July 7, 2008                                          *s/   James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE