UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | |
|---|---|
| WASHINGTON MUTUAL BANK, | CASE NO. 1:08-cv-1107 |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| | [Resolving Doc. No. 11] |
| NICHOLAS TATE, *et al*. | |
| Defendants | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendant Tate moves this Court for a new trial or to alter or amend judgment. [Doc. 11.] For the reasons stated below, this Court **DENIES** the Defendant Tate's motion.

## I. Background

On April 1, 2008, Plaintiff Washington Mutual Bank commenced foreclosure proceedings against Defendant Nicholas Tate in state court for failure to make required payments on a secured promissary note. [Doc. 4, Ex. B.] The Plaintiff makes only Ohio state law claims.[1] [Id.] On May 1, 2008, the Defendant Tate removed this case to federal court. [Doc. 1.] On May 23, 2008, the Plaintiff filed a motion to remand based upon the Defendant Tate's Ohio residency. [Doc. 4 at 4.]

On July 7, 2008, this Court remanded the case to state court. [Doc. 8.] On July 28, 2008, Tate moved for a new trial or to alter or amend judgment. [Doc. 11.] On the same date, Tate appealed the remand to the Sixth Circuit Court of Appeals. [Doc. 12.]

---

[1] Plaintiff made four state law claims in the underlying action. The first claim was for breach of contract due to failure to pay on a note. The second claim was for foreclosure of the property that secured the unpaid note. The third and forth claims were for reformation of a contract due to a scrivener's error.

Case No. 1:08-cv-1107
Gwin, J.

## II.  Analysis

This Tate's Notice of Appeal potentially alters Court's jurisdiction over Tate's motion.  This Court will therefore address this preliminary jurisdictional issue before proceeding to discuss Tate's motion.

*II.A.  Jurisdiction: this Court retains jurisdiction even though Tate filed a Notice of Appeal.*

Federal Rules of Appellate Procedure Rule 4(a)(4) governs addresses the situation where a party files both a motion for a new trial and a motion to alter or amend judgment.  FED. R. APP. P. 4(a)(4).  When a party files both a Motion for Reconsideration and a Notice of Appeal, the party's Notice of Appeal is effectively suspended until the district court addresses the Motion for Reconsideration.  FED. R. APP. P 4(a)(4) ("If a party timely files in the district court any of the following motions . . . the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (iv) to alter or amend the judgment under Rule 59").  The Advisory Committee Notes on the 1993 Amendments to Rule 4(a)(4) explicitly address this issue:

> The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion.  A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.

This Court, therefore, retains jurisdiction to rule on Tate's motion even though he has filed a Notion of Appeal.

*II.B.  Rule 59: Tate's motion is untimely.*

Federal Rules of Civil Procedure Rule 59 governs Tate's motion.  Rule 59(a) governs new

Case No. 1:08-cv-1107
Gwin, J.

trials, and Rule 59(e) governs altering or amending a judgment.  FED. R. CIV. P. 59(a), (e).

Rule 59(a) allows a court to grant a party a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  *Id.*  This motion, however, is only applicable to those cases where a district court actually held a trial.  Here, this Court remanded Tate's case to state court.  This Court never held a trial.

Apart from Rule 59(a)'s non-applicability to this case, Rule 59 motions are subject to time limitation.  A Rule 59(a) motion for a new trial "must be filed no later than 10 days after the entry of judgment."[2/]  FED. R. CIV. P. 59(a).  A Rule 59(e) motion to alter or amend judgment also "must be filed no later than 10 days after the entry of the judgment."[3/]  FED. R. CIV. P. 59(e).

This Court entered judgment on July 7, 2008. [Doc. 8.] Tate filed the pending motion on July 28, 2008. [Doc. 11.] Tate filed his motion more than 10 days after judgment.  *See* FED. R. CIV. P. 6.  His motion is therefore untimely.  FED. R. CIV. P. 59(a), (e).

### III. Conclusion

Accordingly, this Court **DENIES** Tate's motion for a new trial or to alter or amend judgment.

IT IS SO ORDERED.

Dated: September 30, 2008              s/          *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[2/] Rule 6 governs the extension of the Rule 59 time limitations.  When the Rule 59(a) time limit has expired, a court can only extend the time for the filing of a Rule 59(a) motion for "good cause" and "excusable neglect."  FED. R. CIV. P. 6(b).  Even if Rule 59(a) were applicable in this case, which it is not, Tate has made no argument for good cause or excusable neglect.

[3/] Rule 6 also governs the extension of time in a Rule 59(e) motion.  Rule 6(b)(2) states that a "court must not extend the time to act" under Rule 59(e), except as that Rule provides.  FED. R. CIV. P. 59(e).